William T. Coffey v. Commissioner.
Coffey v. Commissioner
Docket No. 316-70.
United States Tax Court
T.C. Memo 1972-87; 1972 Tax Ct. Memo LEXIS 170; 31 T.C.M. (CCH) 344; T.C.M. (RIA) 72087; April 13, 1972, Filed Marion Edwyn Harrison, 336 Pennsylvania Ave. S.E. Washington, D.C., for the petitioner. Ernest J. Wright, for the respondent. TANNENWALD
Memorandum Findings of Fact and Opinion TANNENWALD, Judge: Respondent determined deficiencies in petitioner's income tax in the amounts and for the calendar years indicated *171 as follows: Year
Deficiency
1965
$ 7,362.96
1966
10,903.52
1967
5,851.81
The sole question before us is whether petitioner is entitled to exclude from gross income certain earned income under either section 911 or section 931. [1]
This case was calendared for trial on March 20, 1972, pursuant to notice dated and served on December 23, 1971. When the case was called on March 20, 1972, a joint stipulation of facts, together with certain exhibits, was offered and received in evidence. At that time, petitioner's counsel of record stated to the Court that, despite several communications from him to petitioner indicating that petitioner's presence at the trial was essential, petitioner had not responded and was not present. Respondent's counsel informed the Court that he was prepared to go to trial and had one witness, who had come from the Panama Canal Zone and would be available in the United States for only a limited period of time. In light of the foregoing, the testimony of respondent's witness was taken and the further proceedings in the case were continued until 2:00 p. m. on *172 March 30, 1972. Immediately thereafter, the Court, by letter, notified petitioner of what had transpired and stated that, if he desired to pursue his case, he should make the necessary arrangements to be present on March 30, 1972 and be prepared to give evidence at that time. The letter, or a copy thereof, was sent by registered mail to petitioner at three different addresses indicated in the official file of the case. Copies were also sent by registered mail to petitioner's counsel of record herein and to one Henry L. Newell, Esquire, in Balboa, Canal Zone, whom the Court understood to be one of petitioner's counsel. When the case was again called, on March 30, 1972, petitioner's counsel of record stated that petitioner had telephoned him, on March 24, 1972, and had stated that he would not be present at the continued proceedings and that he could not understand why he was being called upon to pay the deficiencies in question. Under the circumstances, the Court took the case under advisement for opinion and decision based upon the joint stipulation of facts and the testimony of respondent's witness. The stipulated facts are found accordingly. Petitioner is a United States citizen, *173 residing in Cocoli, Canal Zone, at the time the petition herein was filed. He filed Federal 345 income tax returns for the taxable years involved with the Director, Office of International Operations, Internal Revenue Service, Washington, D.C.
Petitioner received salary during the taxable years in question as a superintendent of foremen for Tropical Paint Company, Ltd., Balboa, Canal Zone, a painting contractor, for services rendered in the Canal Zone, as follows: Year
Salary
1965
$18,000.00
1966
20,822.05
1967
10,700.00
Petitioner had other gross income from sources outside a possession of the United States, none of which constituted earned income, as follows: Year
Income
1965
$ 9,151.83
1966
16,342.44
1967
16,442.55
During the taxable years in question, petitioner and his family lived in a trailer in Cocoli, Canal Zone. Identification privilege card records of the Canal Zone Government list petitioner's residence in the aforementioned trailer from January 12, 1965 through January 3, 1972. Petitioner, in an application to the Canal Zone Government dated July 27, 1964 for a renewal of a permit to operate a private automobile, *174 stated that he lived in barracks in Corozal, Canal Zone. In similar applications, dated November 16, 1967 and December 3, 1970, petitioner stated that he lived in Cocoli, Canal Zone. Petitioner signed a vehicle registration form of the Canal Zone Government for each of the years 1966 through 1970, which specified Cocoli, Canal Zone, as his residence. Census registrations of the Canal Zone Government for each of the years 1967 through 1971 list petitioner's residence in Cocoli, Canal Zone. The forms for 1969, 1970, and 1971 were signed by petitioner. An application for a land license for a trailer site by Tropical Paint Company, Ltd., dated November 29, 1965 and pursuant to which a license was issued on January 17, 1966, indicated that such site was to be used as a residence for petitioner. The Canal Zone Government school attendance and scholarship records show post office box addresses and telephones in the Canal Zone for petitioner's children during the periods indicated below: Michael Coffey - September 1964 to June 1965. Marilyn Ann Coffey - September 1964 through June 1965, September 1965 through June 1966, August 1966 to June 1967, September 1967 to June 1968. *175 Petitioner was issued an identification card by the Republic of Panama on December 5, 1961, bearing an expiration date of December 5, 1973. [2]
The Canal Zone is a possession of the United States. Section 1.931-1(a), Income Tax Regs.
We can readily dispose of any argument by petitioner as to the applicability of section 931. Subsection (a)(1) of that section establishes the condition that 80 percent or more of petitioner's gross income for the 3-year period immediately preceding the close of the taxable year (or such portion of such period as may be applicable) be derived from sources within a possession of the United States. [3] It is clear from the amounts of petitioner's gross income from sources outside a possession of the United States that he does not satisfy this requirement. *176 Petitioner also claims that he was a resident of the Republic of Panama during the period in question and that he is therefore entitled to the benefits of section 911(a) (1). [4] Respondent counters with the 346 assertion that petitioner was a resident of the Canal Zone, which is not a foreign country (see section 1.911-1(a)(9), Income Tax Regs.) and that he cannot claim the benefits of that section. [5] On the record before us, we hold for respondent. With one exception, every element of proof reveals that petitioner claimed his home at a place within the Canal Zone. The one exception [6] is that petitioner held an identity card issued by the Republic of Panama. This, standing alone, does not constitute proof of residence and is clearly insufficient to satisfy petitioner's burden of proof herein. *177 Decision will be entered for the respondent. Footnotes
1. All references are to the Internal Revenue Code of 1954, as amended.↩
2. The record also indicates that on January 3, 1972 petitioner's employer submitted on behalf of petitioner "through the official in charge of the housing where the employee resides" a "REQUEST FOR AUTHORITY TO PURCHASE IN CANAL ZONE RETAIL STORES." We consider this document too far removed in time from the taxable years in question to be relevant.↩
3. SEC. 931. INCOME FROM SOURCES WITHIN POSSESSIONS OF THE UNITED STATES. (a) General Rule. - In the case of citizens of the United States or domestic corporations, gross income means only gross income from sources within the United States if the conditions of both paragraph (1) and paragraph (2) are satisfied: (1) Three-year period. - If 80 percent or more of the gross income of such citizen or domestic corporation (computed without the benefit of this section) for the 3-year period immediately preceding the close of the taxable year (or for such part of such period immediately preceding the close of such taxable year as may be applicable) was derived from sources within a possession of the United States;↩
4. SEC. 911. EARNED INCOME FROM SOURCES WITHOUT THE UNITED STATES. (a) General Rule. - The following items shall not be included in gross income and shall be exempt from taxation under this subtitle: (1) Bona fide resident of foreign country. -in the case of an individual citizen of the United States who establishes to the satisfaction of the Secretary or his delegate that he has been a bona fide resident of a foreign country or countries for an uninterrupted period which includes an entire taxable year, amounts received from sources without the United States (except amounts paid by the United States or any agency thereof) which constitute earned income attributable to services performed during such uninterrupted period. The amount excluded under this paragraph for any taxable year shall be computed by applying the special rules contained in subsection (c). In passing, we note that income earned in Panama qualifies under section 911(a)(1) as being received "from sources without the United States." Section 7701(a)(9); section 1.931-1(b)(2), Income Tax Regs.↩
5. Section 1.911-1(a)(9), Income Tax Regs.: (9) Definition of "foreign country." The term "foreign country" means territory under the sovereignty of a government other than that of the United States. It does not include a possession or territory of the United States. ↩
6. There are certain other allegations in the petition, but they were denied by respondent in his answer and the record is devoid of any proof with respect thereto.↩